UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVIS KITTLE,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION,[1] et al.,<br>    Defendants. | PRISONER CASE<br>No. 3:12-cv-191 (JCH)<br><br><br><br>MARCH 8, 2012 |

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Carl Robinson Correctional Institution in Enfield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000).  He names as defendants the Department of Correction, Warden Ford, Deputy Warden Hannah, Head Kitchen Supervisor Passaro, and Kitchen Supervisors Sandy Recupido and Jim Pliss.  The plaintiff seeks damages from the defendants in their individual capacities for denial of proper medical treatment in violation of his Fourth and Fourteenth Amendment rights.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they]

---

[1] The plaintiff named the Department of Corrections in the case caption.  The court uses the correct title, Department of Correction.

suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

      The plaintiff alleges that, on April 14, 2011, he was working in the kitchen at the Bridgeport Correctional Center.  He was sitting near the dishwasher when several metal pieces of the dishwasher tumbled down the rack and struck him in the head.  The plaintiff was taken to the medical unit and received four staples to close the wound.  He was not sent to an outside hospital for tests or further examination.  On April 19, 2011, a nurse, who is not a defendant in this case, checked the plaintiff's vital signs but refused to give him pain medication.  Soon thereafter, the plaintiff told defendant Ford about pain in his back and legs which caused him to be restricted to his bunk and dismissed from his job.  The plaintiff does not allege any connection between the injury to his head and the pain in his back and legs.  The plaintiff tried to obtain his medical records to discover what struck him in the head, but was told that the records were lost.  The

plaintiff received his medical records after threatening to write to the Commissioner and Deputy Commissioner.

On May 12, 2011, about a month after the incident, the plaintiff began experiencing severe headaches and neck pain.  He was not called to the medical department in response to his requests for medical care.  In June 2011, the plaintiff was called to the medical unit and given aspirin in response to his complaints of neck, back and leg pain.  When he asked for a copy of his medical files, he was told that part of his files was missing.

The plaintiff brings this action for violation of his Fourth and Fourteenth Amendment rights.  The Department of Correction website reveals that the plaintiff was sentenced on August 17, 2011.  See www.ctinmateinfo.state.ct.us.  Thus, at the time of the incidents in the complaint he was a pretrial detainee.  The Fourth Amendment protects the rights of an individual prior to arraignment.  See Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989) (Fourth Amendment standard applies through time of arraignment or formal charge).  As the plaintiff already was incarcerated, his claims are cognizable under the Fourteenth, rather than the Fourth, Amendment.  All Fourth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A

The plaintiff names the Department of Correction as a defendant.  As a state agency, the Department of Correction is not subject to suit in federal court under section 1983.  See Bhatia v. Connecticut Dep't of Children & Families, 317 Fed. Appx. 51, 52 (2d Cir. 2009) (state agencies not susceptible to liability under section 1983).  All claims against the Department of Correction are dismissed pursuant to 28 U.S.C. § 1915A.

The plaintiff alleges that he received improper medical care.  Although claims of deliberate indifference to a serious medical condition of a pretrial detainee are considered under the Fourteenth Amendment and claims of sentenced inmates are considered under the Eighth Amendment, the same standard is applied.  See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

"[D]eliberate indifference to serious medical needs of prisoners," is prohibited whether "manifested by prison doctors in response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104–105 (1976).  To state a claim for deliberate indifference to a prisoner's serious medical need, the plaintiff must allege facts demonstrating sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  Id. at 104-06.

Because mere negligence will not support a section 1983 claim, not all lapses in prison medical care constitute a constitutional violation.  Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003).  In addition, inmates are not entitled to the medical treatment of their choice.  See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986).  Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment.  "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."  Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).  The conduct complained of must "shock the conscience" or constitute a

"barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988).  In addition, the fact that a prison official did not alleviate a significant risk that he should have but did not perceive does not constitute deliberate indifference.  See Farmer v. Brennan, 511 U.S. 825, 838 (1994).

There are both subjective and objective components to the deliberate indifference standard.  Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).  Objectively, the alleged deprivation must be "sufficiently serious."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The condition must produce death, degeneration or extreme pain.  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions.  Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

The plaintiff has not named any medical staff member as a defendant.  The plaintiff was injured while working at his job in the prison kitchen.  He was taken to the medical unit and treated.  In this Circuit, prison officials may rely of the opinions of the medical staff.  See Rodriguez v. McGinnis, No. 98-CV-6031CJS, 2004 WL 1145911, at *18 (W.D.N.Y. May 18, 2004) (citing cases); Liscio v. Warren, 718 F. Supp. 1074, 1082 (D. Conn. 1989), rev'd on other grounds, 901 F.2d 274 (1990); cf. Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987) ("Prison officials are more than merely negligent if they deliberately defy the express instructions of a prisoner's doctors.").  In light of the law and the facts that defendants Passaro, Recupido and Pliss would have been aware that the plaintiff was taken to the medical unit immediately after the accident, the court can

discern no basis for a deliberate indifference claim against defendants Passaro, Recupido and Pliss. If the plaintiff wishes to pursue an action seeking recovery for his injuries in the accident, he should file a negligence claim in state court.

The plaintiff alleges that shortly after a nurse refused additional pain medication he complained about pain to defendant Ford. The Warden does not prescribe pain medication. The plaintiff's complaint to the warden constitutes, at most, a disagreement regarding treatment which is not cognizable under section 1983. Defendant Hannah is not mentioned at all in the statement of the plaintiff's claim. Because neither defendant interfered with prescribed treatment or delayed access to medical care, the court concludes that the plaintiff fails to state a cognizable claim against either defendant. The claims against defendants Passaro. Recupido, Pliss, Ford, and Hannah for denial of medical treatment are therefore dismissed pursuant to 28 U.S.C. § 1915A.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The Complaint [**Doc. No. 1**] is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state cognizable claims against any defendant.

(2) The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** this 8th day of March 2012, at Bridgeport, Connecticut.

                                                        /s/ Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge